1  **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CV-07-1424-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Banner Health, d/b/a Banner Good Samaritan Medical Center, an Arizona corporation, | |
| Defendant. | |

The Equal Employment Opportunity Commission ("EEOC") brings this action alleging that Banner Health fired Fernando and Maria Rosales because of their age in violation of federal law. We have before us defendant's motion for summary judgment and statement of undisputed facts (docs. 83 & 84), plaintiff's response, statement of facts, and response to defendant's separate statement of facts (docs. 96, 97, & 98), and defendant's reply in support of its motion and reply in support of its statement of undisputed facts (docs. 104 & 105). We also have before us plaintiff's motion to strike or in the alternative to file a surreply (doc. 109).

As an initial matter, we deny plaintiff's motion to strike or for leave to file a surreply. The local rules of civil procedure provide for a motion, response, and reply. LRCiv. 7.2. Objections to evidence on written motions shall not be by a separate motion to strike.

1 LRCiv. 7.2(m)(2). The remedy for dealing with new evidence first appearing in a reply is 2 that we will not consider issues or evidence raised for the first time in defendant's reply. 3 Gadda v. State Bar of Cal., 511 F.3d 933, 937 n.2 (9th Cir. 2007).

**I**

5 The Rosaleses worked in housekeeping and janitorial positions at Banner Health. In 6 September 2005, they submitted forms requesting paid time off ("PTO") during the 7 Thanksgiving and Christmas holidays. They were instructed to complete separate forms and 8 informed that they could only choose one holiday, Thanksgiving or Christmas, for PTO. The 9 Rosaleses selected Christmas day off and each requested PTO for December 26, 2005 10 through January 1, 2006. The Rosaleses believed that their PTO request had been granted, 11 but they never received a copy of their approved PTO forms as required by company policy.

12 The Rosaleses were both scheduled to work during the December 26, 2005 to January 13 1, 2006 period and failed to report. Nor did they call in. Maria Rosales failed to report for 14 five shifts during this period and Fernando Rosales failed to report for seven shifts. The 15 Rosaleses reported to work on January 3, 2006 and were immediately terminated. The 16 Rosaleses were both then 61 years of age. The EEOC brings this claim on behalf of the 17 Rosaleses claiming that they were terminated in violation of the Age Discrimination in 18 Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"). Defendant moves for 19 summary judgment.

**II**

21 The ADEA makes it unlawful for an employer to fire an individual because of his or 22 her age. 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, 23 plaintiff must show that the Rosaleses were: (1) members of the protected class (over 40); 24 (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially 25 younger employees with equal or inferior qualifications. Coleman v. Quaker Oats Co., 232 26 F.3d 1271, 1281 (9th Cir. 2000). If plaintiff establishes a prima facie case, defendant must 27 assert a "legitimate, nondiscriminatory reason" for the Roseleses' discharge, which plaintiff 28 may rebut by showing that the reason is a pretext for discrimination. Douglas v. Anderson,

1  656 F.2d 528, 531 (9th Cir. 1981) (citation omitted).  Despite the intermediate burden of
2  production shifting, plaintiff has the ultimate burden of proving that age was the
3  "determining factor" in defendant's decision.  Id.

4  Defendant argues that the EEOC has failed to establish a prima facie case because it
5  has not shown that the Rosaleses were replaced by substantially younger employees.  We
6  agree. Defendant did not hire any employee to specifically fill the positions vacated by the
7  Rosaleses.  Although defendant hired five employees younger than the Rosaleses within three
8  weeks after they left, plaintiff has not shown that any of the newly hired employees assumed
9  their job duties.[1]

10  Plaintiff also attempts to establish the fourth prong of a prima facie case by showing
11  that individuals not in the protected class were treated more favorably.  See Washington v.
12  Garrett, 10 F.3d 1421, 1433 (9th Cir. 1993) (recognizing that the four-part McDonnell
13  Douglas test is "not intended to be an inflexible rule.") (quotation omitted).  Plaintiff argues
14  that Lydia Sewere, a 34 year old employee, should have also been fired for her absenteeism
15  but was not.  Defendant claims Sewere was not similarly situated to the Rosaleses because
16  her absences were due to medical problems and it was advised of her absences in advance.
17  An employee is not similarly situated where she "did not engage in problematic conduct of
18  comparable seriousness to that of [plaintiff]" Vasquez v. County of Los Angeles, 349 F.3d
19  634, 642 (9th Cir. 2003).   Sewere's reported medical absences were not of comparable
20  seriousness to the Rosaleses' week of no call/no shows.  Her attendance record does not,
21  therefore, create an inference of discrimination.

22  Even if we assume that plaintiff has shown a prima facie case, defendant has
23  articulated a non-discriminatory reason for firing the Rosaleses – their failure to report to

---

[1] Plaintiff cites Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996), for the proposition that it does not need to show the Rosaleses were specifically replaced by younger individuals.  Nidds, however, addressed a situation in which an employee is terminated as the result of a "general reduction in the work force due to business conditions." Id. This does not apply here because the Rosaleses were not fired as the result of a general reduction in work force.  PSOF ¶ 62.

1  work for more than three consecutive shifts. Plaintiff has the burden to show that this reason
2  is a pretext for discrimination, "either directly by proving that [the defendant] more likely
3  was motivated by a discriminatory reason, or indirectly by showing that [the defendant's]
4  rebuttal theory [is] 'unworthy of credence.'" Douglas, 656 F.2d at 534. It has failed to create
5  a material issue as to either.

6  Plaintiff has not provided any direct evidence of pretext, but attempts to create a
7  material issue of fact regarding whether the Rosaleses were granted PTO for December 26,
8  2005 to January 3, 2006. "To show pretext using circumstantial evidence, a plaintiff must
9  put forward specific and substantial evidence challenging the credibility of the employer's
10 motives." Vasquez, 349 F.3d at 642 (9th Cir. 2003). Plaintiff relies on a PTO request
11 submitted by Fernando Rosales on which a notation that the request was granted was "whited
12 out," and the absence of a written denial of the Rosaleses' PTO requests. The evidence
13 provided by plaintiff does not, however, contradict defendant's assertion that its official
14 policy required plaintiff to receive written approval for any PTO and that the Rosaleses failed
15 to do so. Moreover, the Rosaleses acknowledged that they were at fault for not obtaining
16 written approval for their PTO request. DSOF, Ex. 13.

17 Plaintiff has not provided sufficient evidence to raise an issue of material fact from
18 which a reasonable jury could find age discrimination. Therefore, we grant defendant's
19 motion for summary judgment. Because we have concluded that summary judgment is
20 appropriate, we need not address the parties' arguments regarding whether the Rosaleses
21 failed to mitigate their damages.

### III

Accordingly, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 83).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion to strike (doc. 109).

DATED this 12th day of March, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge