**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>vs.<br><br>Banner Health, d/b/a Banner Good Samaritan Medical Center, an Arizona corporation,<br><br>    Defendant. | No. CV-07-01424-PHX-FJM<br><br>**ORDER** |

    The Equal Employment Opportunity Commission ("EEOC") brought this action alleging that Banner Health fired Fernando and Maria Rosales because of their age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"). On March 12, 2009, we granted summary judgment in favor of defendant on all counts. Defendant now seeks an award of $222,895.25 in attorneys' fees and related costs. We have before us defendant's motion for attorneys' fees and related non-taxable expenses (doc. 123), plaintiff's response and notice of supplemental authority (docs. 131 & 144), and defendant's reply (doc. 139). We also have before us defendant's memorandum of points and authorities in support of its motion for attorneys' fees and related non-taxable expenses (doc. 134), plaintiff's response (doc. 142), and defendant's reply (doc. 143).

    Before addressing the amount of fees to which defendant may be entitled, we must first address whether an award of attorneys' fees and non-taxable costs is appropriate in this

case. Although the ADEA does not provide for attorneys' fees for a prevailing defendant, defendant argues that fees are warranted as a sanction under our inherent power or 28 U.S.C. § 1927. "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S. Ct. 1612, 1618 (1975). A court, however, retains the inherent power to order an award of attorneys' fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons,'" unless forbidden by Congress. Id. at 258-59, 95 S. Ct. 1612 (quotation omitted). Attorneys' fees may also be awarded under section 1927 against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.

A finding of bad faith is essential to an award of attorneys' fees under either our inherent power or section 1927. See Primus Auto. Fin. Serv., Inc. v. Batarse, 115 F.3d 664, 648 (9th Cir. 1997) (inherent power); In re Keegan Mgmt. Co. Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996) (28 U.S.C. § 1927). Bad faith is found "where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Primus, 115 F.3d at 649 (quoting In re Keegan, 78 F.3d at 436). "[S]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" Id. (quotation omitted).

While the EEOC failed to establish an age discrimination claim as a matter of law, and while we agree with defendant that the EEOC's general approach to litigation, including its insistence on press releases, is unprofessional, we find nothing in the record to indicate that the EEOC pursued this action in bad faith or to purposely oppress the defendant. Instead, the case illustrates the failure of the EEOC to evaluate cases objectively. The EEOC's lack of judgment shows that it is profoundly mistaken but falls short of showing the kind of conduct that would allow for fee shifting. See Primus, 115 F.3d at 649 ("[F]orceful and effective representation often will call for innovative arguments."). We must resist the "understandable temptation to engage in *post hoc* reasoning by concluding that, because a

plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S. Ct. 694, 700 (1978) (involving a claim for attorneys' fees under Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, *et seq*.). While defendant has shown that this action was the product of poor judgment, defendant has failed to show it was driven by improper motive or purpose.

Defendant argues that the EEOC's conciliation efforts demonstrate that this action was frivolous. Even where a showing of bad faith is not necessary, "[t]o justify an award of attorney's fees, [we] would have . . . to find not merely that the EEOC failed to conciliate adequately, but that its belief that its conciliation efforts were adequate was unreasonable." EEOC v. Bruno's Restaurant, 13 F.3d 285, 290 (9th Cir. 1993) (Title VII claim). Although the parties were unable to reach an agreement, we cannot conclude that the EEOC's belief that its conciliation efforts were adequate was unreasonable.

Finally, the cases cited by defendant as upholding an award of attorneys' fees for a prevailing defendant under the ADEA involved egregious conduct not present in this case. See EEOC v. Hendrix College, 53 F.3d 209 (8th Cir. 1995) (upholding award of attorneys' fees where the EEOC sought to enjoin defendant to comply with ADEA record keeping requirements even though it knew defendant had voluntarily instituted a compliant policy and it had no factual basis to show a substantial likelihood of recurrence); Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir. 1990) (finding an award of attorneys' fees warranted where plaintiff "brought and doggedly pursued a baseless retaliatory discharge claim out of spite.").

We, therefore, conclude that defendant is not entitled to attorneys' fees in this action and need not address the value of defendant's attorneys' services. Accordingly, **IT IS ORDERED DENYING** defendant's motion for attorneys' fees and non-taxable costs (doc. 123).

We realize that a level playing field as to fee shifting would likely serve as an incentive for the EEOC to become more objective, but that is a matter for Congress to consider.

DATED this 27th day of July, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge